[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13909
Non-Argument Calendar
_____

D.C. Docket No. 3:04-cr-00240-HES-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD JERMAINE BRABHAM,
a.k.a. Duck,
a.k.a. Gerald Jermain Brabham,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Gerald Jermaine Brabham, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the Sentencing Guidelines, which revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1(c).  See U.S.S.G. § App. C, amend 750 (Nov. 2011).  The district court denied the § 3582(c)(2) motion because Brabham was sentenced as a career offender, pursuant to U.S.S.G. § 4B1.1, and thus Amendment 750 had no effect on his guidelines calculations. After review, we affirm.[1]

Pursuant to § 3582(c)(2), the district court may reduce a defendant's prison term if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

2

A sentence reduction is not authorized if the amendment does not lower the defendant's applicable guidelines range "because of the operation of another guideline or statutory provision."  U.S.S.G. § 1B1.10 cmt. n.1(A).  Further, the applicable guidelines range that must be lowered to be eligible for a § 3582(c)(2) reduction is "the guideline range that corresponds to the offense level and criminal history category . . . determined before consideration of any departure provision in the Guidelines Manual or any variance."  Id.; see also 18 U.S.C. § 3582(c)(2) (requiring any reduction to be "consistent with applicable policy statements issued by the Sentencing Commission").  As such, when a crack cocaine defendant's offense level was determined by the career offender provision, U.S.S.G. § 4B1.1, rather than § 2D1.1(c)'s drug quantity table, the defendant is not eligible for a § 3582(c)(2) reduction based on amendments to the crack cocaine offense levels in § 2D1.1(c).  This is because those amendments did not lower the sentencing range upon which the defendant's sentence was based.  See Moore, 541 F.3d at 1327-28 (involving Amendment 706).

The district court did not err in denying Brabham's § 3582(c)(2) motion.  At his sentencing, Brabham was designated a career offender, and his base offense level of 37 and his sentencing range of 262 to 327 months were based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c).  Amendment 750 did not change the offense levels in § 4B1.1.  Thus, Amendment 750 did not lower Brabham's sentencing

3

range.  Under our binding precedent in <u>Moore</u>, the district court lacked authority under § 3582(c)(2) to reduce Brabham's sentence.

Brabham argues that, despite his career offender status, he remains eligible for a sentence reduction in light of the Supreme Court's recent decision in <u>Freeman v. United States</u>, 564 U.S. ___, 131 S. Ct. 2685 (2011).  As Brabham concedes, however, this Court recently concluded in <u>United States v. Lawson</u> that <u>Moore</u> remains binding precedent and was not abrogated by <u>Freeman</u>.  See <u>United States v. Lawson</u>, 686 F.3d 1317, 1320-21 (11th Cir.), <u>cert. denied</u>, ___ U.S. ___, 133 S. Ct. 568 (2012) (explaining that <u>Freeman</u> did not address defendants whose total offense levels were calculated according to the career offender provision and therefore <u>Freeman</u> was not "clearly on point" with the career offender issue in <u>Moore</u>).

Brabham contends that <u>Lawson</u> "does not control his appeal because unlike the defendant in *Lawson*, Mr. Brabham was sentenced below his career offender guideline range" due to a substantial-assistance downward departure.[2]  This factual distinction is not a basis to ignore <u>Lawson</u>'s conclusion that <u>Freeman</u> did not overrule <u>Moore</u>.

---

[2]Specifically, Brabham received a U.S.S.G. § 5K1.1 downward departure based on his substantial assistance and was sentenced to 210 months in prison.  Brabham also later received two Rule 35(b) substantial-assistance reductions, and is currently serving a 140-month sentence.

4

Moreover, it is not <u>Lawson</u>, but <u>Moore</u> that controls Brabham's appeal. In <u>Moore</u>, one of the defendants, like Brabham, received a substantial assistance downward departure. <u>See</u> 541 F.3d at 1330. Nonetheless, we concluded in <u>Moore</u> that the defendant's sentence was based on his career-offender sentencing range and that he was therefore ineligible for a § 3582(c)(2) reduction. <u>Id.</u>

Notably, <u>Moore</u>, decided in 2008, is supported by the commentary to U.S.S.G. § 1B1.10, which was amended in 2011 to address this precise point. <u>See</u> U.S.S.G. App. C, amend. 759, Reason for Amendment (Nov. 2011). That commentary clearly provides that the "applicable guideline range" an amendment must lower is the range determined <u>before</u> any downward departure for substantial assistance. <u>See</u> U.S.S.G. § 1B1.10, cmt. n.1(A). In short, we remain bound by <u>Moore</u>, and, under <u>Moore</u>, Brabham was not eligible for a § 3582(c)(2) sentence reduction.

**AFFIRMED.**